COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


PETE ANTONIO SUMNER
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2800-99-1              JUDGE JAMES W. BENTON, JR.
                                             NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Dean W. Sword, Jr., Judge

                S. Jane Chittom (Public Defender Commission,
                on brief), for appellant.

                Donald E. Jeffrey, III, Assistant Attorney
                General (Mark L. Earley, Attorney General, on
                brief), for appellee.


        Pete Antonio Sumner contends the trial judge erred in

sentencing him to eleven years in prison for a robbery conviction

after the trial judge had initially sentenced him to nine years in

prison for the same conviction.  For the reasons that follow, we

affirm the conviction.

                                   I.

        The record establishes that Sumner was arrested by warrants

charging him with "rob[bery]" and "us[ing] a firearm in a

threatening manner while committing [robbery]."  A grand jury

later indicted him for robbery, in violation of Code § 18.2-58,

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and use of a firearm while committing robbery, in violation of Code § 18.2-53.1. At the conclusion of the evidence at trial, the judge convicted Sumner of "Robbery and Use of a Firearm as charged in the indictment." At the sentencing hearing, the trial judge stated the following in response to Sumner's counsel's argument for a lenient sentence:

> [T]he general assembly doesn't allow probation when someone has been convicted of the use of a firearm. This as long as I can tell would be his first offense, but that in itself carries a mandatory three-year sentence irrespective of the other things.

Following Sumner's exercise of his right of allocution and request for leniency, the trial judge pronounced sentence, which included the following:

> [H]aving found you guilty [of] . . . robbery and use of a firearm in the commission of a felony, I sentence you to [fourteen] years in a . . . state correctional facility. None of the time is to be suspended. It's a [fourteen] year sentence."

After the judge had announced the sentence, the prosecutor said, "your Honor, I would note that it appears that this is [Sumner's] second firearm violation." The trial judge responded, "He is charged under a joint indictment. If it is his second one, then of course that would require a mandatory five-year sentence, but I think the [fourteen] years covers it."

The trial judge later entered an order stating a "term of: 9 years for Robbery and 5 years for Use of a Firearm. The total sentence imposed is 14 years." Within twenty-one days of entry

-

of the order, Sumner's counsel objected on the grounds that "(1) the order sets forth sentences and terms other than what was pronounced in open court . . . ; (2) the [five] year sentence . . . for use of firearm exceeds the permissible sentence for a first offense; and (3) these changes . . . were made . . . without notice, consent, or presence of [Sumner] or his counsel."  The trial judge timely suspended the sentencing order and held a hearing.  During that hearing, the prosecutor conceded this was Sumner's first conviction for using a firearm.  The trial judge said his original "intention at the time was to sentence [Sumner] to 14 years."  The judge then sentenced Sumner to "[eleven] years for robbery and three years for the firearm charge."  Sumner's counsel objected.  This appeal arises from the final order imposing that sentence.

## II.

Citing North Carolina v. Pearce, 395 U.S. 711 (1969), Sumner argues that the trial judge erred by imposing a higher sentence at the second sentencing proceeding.  Sumner concedes the obvious fact that the trial judge had the power to vacate the initial sentencing order and that he did so within twenty-one days of entry of the order.  See Rule 1:1.  He argues, however, that the final sentencing order unlawfully enhances the robbery conviction from nine years to eleven years. We disagree.

-

The trial judge said his original "intention was to try to comply with the [voluntary sentencing] guidelines, which were [fourteen] years, and . . . [he was] breaking [the sentence] out to deal with it as a statutory requirement."  He also said he "made a technical error in the drafting of the [first sentencing] order."  In modifying the initial order, the trial judge stated that he was not enhancing Sumner's sentence.  The record supports all these rulings.

The record clearly establishes that Sumner was tried and convicted on an indictment that charged use of a firearm in the commission of robbery.  No evidence at trial or at the sentencing hearing was offered to prove this was a second offense.  Indeed, when the probation officer testified at the sentencing hearing, she gave no indication that in computing the sentencing guideline recommendation she used as a factor a prior conviction for use of a firearm.  In sentencing Sumner, the trial judge accepted that guideline report and merely announced the fourteen-year sentence as an aggregate.

Although the prosecutor erroneously said "this is [Sumner's] second firearm violation" and sought to have the trial judge increase the sentence, the trial judge clearly and unmistakably refused to do so, stating that "I think [fourteen] years covers it."  Clearly, the judge did not then modify the sentence.  Instead, he imposed the sentence based upon his view of the guidelines' recommendation.

-

Although the trial judge entered a sentencing order that delineated the sentences based upon the erroneous representation by the prosecutor, the trial judge corrected the order without increasing the total sentence, which he had decided upon before the prosecutor's erroneous representation.  Absent any evidence in the record of a prior firearm conviction, the trial judge did not err in ruling that the original sentencing order's erroneous delineation of the two sentences was a correctable, clerical error.

For these reasons, we affirm the conviction.

<u>Affirmed</u>.